# EXHIBIT B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| AMANDA OLESEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. |
| PRIME HEALTHCARE | § | |
| FOUNDATION, INC. d/b/a | § | _____ |
| PAMPA REGIONAL MEDICAL CENTER; | § | |
| and MARK S. HENDERSON, M.D., | § | |
| | § | |
| *Defendants.* | § | |

## STATE COURT DOCKET

| EXHIBIT# | DATE FILED | DESCRIPTION |
|---|---|---|
| B-1 | 02/24/17 | Plaintiff's Original Petition |
| B-2 | 02/24/17 | Civil Cover Sheet |
| B-3 | 02/24/17 | Request to Issue Citation for Mark S. Henderson, MD |
| B-4 | 02/24/17 | Letter and Citation Issued for Mark S. Henderson, MD |
| B-5 | 03/15/17 | Request to Issue Citation |
| B-6 | 03/16/17 | Citation Issued for Mark S. Henderson, MD |
| B-7 | 03/21/17 | Return of Citation Unserved for Mark S. Henderson, MD |
| B-8 | 04/05/17 | Return of Service for Mark S. Henderson, MD |
| B-9 | 06/20/17 | First Amended Petition |
| B-10 | 06/20/17 | Request to Issue Citation for Prime Healthcare Foundation, Inc. |
| B-11 | 06/20/17 | Letter and Citation Issued for Prime Healthcare Foundation, Inc. |

| B-12 | 06/26/17 | Return of Service for Prime Healthcare Foundation, Inc. |
| B-13 | 06/29/17 | Defendant Mark S. Henderson, MD's Original Answer and Request for Disclosure |
| B-14 | 07/05/17 | Defendant Prime Healthcare Foundation, Inc.'s Original Answer and Request for Disclosure |
| B-15 | 07/07/17 | Notice of Service of Plaintiff's Chapter 74 Expert Report and Curriculum Vitae of Jeff Durgin, M.D. FACS |

i_6996809v.1

# EXHIBIT B-1

Filed 2/24/2017 8:58:42 AM
District Clerk
Gray County, Texas
Reviewed By: Dronda Kelsey

CAUSE NO. **38783**

| | | |
|---|---|---|
| **AMANDA OLESEN,** | § | IN THE **223RD** DISTRICT COURT |
| **PLAINTIFF,** | § | |
| | § | |
| VS. | § | IN AND FOR |
| | § | |
| **MARK S. HENDERSON, M.D.,** | § | |
| **DEFENDANTS** | § | **GRAY COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**COMES NOW, AMANDA OLESEN,** hereinafter referred to as Plaintiff, complaining of

**MARK S. HENDERSON, M.D.** hereinafter sometimes referred to as Defendant and in support of this

cause of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY LEVEL ELECTION AND
### REQUEST FOR DISCOVERY CONTROL PLAN

**1.01**   Pursuant to TEX. R. CIV. P. 190, Plaintiff requests that discovery be conducted under

Level 3, TEX. R. CIV. P 109.4.  Further, Plaintiff moves for an Order that discovery be conducted

in accordance with a discovery control plan tailored to the circumstances of this specific case,

pursuant to Rule 190.4(a).

### II.
### PARTIES

**2.02**   Plaintiff, **AMANDA OLESEN** is a resident citizen of Pampa, Gray County, Texas.

The last four digits of her social security number are 4911.

**2.03**   Defendant, **MARK S. HENDERSON, MD** is a licensed Texas physician. This

Defendant may be served with citation at his place of business, Pampa Medical Group – Surgery,

3023 Perryton Parkway, Suite 101, Pampa, Texas 79065.

## III.
## METHOD OF SERVICE

**3.04**  Plaintiff requests that the Gray County District Clerk issue citation and serve the Defendant with citation along with a copy of the Petition by certified mail – returned receipt requested.

## IV.
## JURISDICTION

**4.05**  The Court has jurisdiction over Defendants, because the Defendants' principle place of business is in Texas. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Court. Plaintiff seeks damages in excess of $1,000,000.00.

## V.
## VENUE

**5.06**  All or part of Plaintiff's causes of action arose in Pampa, Gray County, Texas.

## VI.
## NOTICE OF HEALTHCARE LIABILITY CLAIM

**6.07**  Sixty (60) days prior to filing of this suit, Plaintiff gave written notice of her claims to the Defendant as required by **TEXAS CIVIL PRACTICE AND REMEDIES CODE § 74.051.** See, Exhibit "A" attached.

**6.08**  Plaintiff will show that, at all times relevant and material hereto, Defendant, **MARK S. HENDERSON, MD**, was a licensed Texas physician and retained authority to dictate the manner in which he provided care and/or surgical services at Pampa Regional Medical Center to Plaintiff.

## VII.
## FACTS AND ALLEGATIONS

**7.09**   Plaintiff is a 26 year old female who was seen in the Pampa Regional Medical Center Emergency Department on November 3, 2015 with the complaint of LLQ pain for 3 days. The patient was evaluated by Dr. Donald Hubbard who noted moderate RLQ pain on exam. He ordered a CT scan of the abdomen/pelvis which shows acute appendicitis. The patient was admitted to the hospital by Defendant, **MARK S. HENDERSON, MD**.

**7.10**   Defendant, **MARK S. HENDERSON, MD** took Plaintiff to the operating room for a laparoscopic appendectomy. The operative report reveals that she received preoperative Zosyn and that the laparoscopic appendectomy was completed without complication.

**7.11**   Postoperatively, Plaintiff had persistent fever which was documented in Defendant's progress note to be as high as 104 degrees Fahrenheit on the morning of November 4, 2015.

**7.12**   A repeat CT scan of the abdomen and pelvis was ordered and completed November 4, 2015 at 1832. The CT report mentions "fluid-filled tubular structure 1.0 cm in diameter" in the right lower quadrant. The report conclusion was as follows: "1 Postsurgical changes 2. Question of incomplete appendiceal resection. 3. Left external oblique hematoma."

**7.13**   The "Gross Description" section of the pathology report from the November 3, 2015 surgery by Defendant was reported as follows: "The specimen is received in formalin labeled 'Appendix' and consists of a 3.5 x 2.0 x 0.9 cm, irregular appendix with up to 1.0 cm of attached mesoappendix. Two staple lines are identified. No obvious appendix tip is identified."

**7.14**   The discharge summary from the hospital shows the date of admission to be November 3, 2015 and the date of discharge November 7, 2015. The document summarized Plaintiff's hospital course as follows: "The patient was seen in the emergency room by **MARK S.**

**HENDERSON, MD**. Plaintiff was taken to the operating room and underwent laparoscopic appendectomy without complications. Postoperatively she developed postoperative abscess. At the discharge, the patient has been tolerating p.o. well and normal bowel function. No evidence of peritoneal signs."

**7.15**    Plaintiff then presented on November 9, 2015 to the BSA Health System emergency room in Amarillo, Texas "complaining of chronic pain in the lower abdomen, not feeling well, fevers off and on and has a history of having laparoscopic appendectomy done in Pampa some 8 to 9 days ago." The admission History and Physical by Dr. Victor Hand reflects that, "the patient had a diagnosis of appendicitis proved by CT scan in Pampa, was taken to the operating room by the Pampa surgeon who performed a laparoscopic appendectomy, removed the appendix from the cecum but only took a small segment or at least part of the proximal appendix but left the distal appendix in the patient and even afterwards he knew he did this and even afterwards the follow-up CT showed the staple line across the base of the cecum and the distal appendix still in the patient. The patient was told that it [it] would heal with antibiotics and she was in the hospital for 5 or 6 days getting antibiotics and then she went with Levaquin and Flagyl and was told it would be better. She says today when she saw her surgeon he told her it was going to get better and that she was already in the mend and was doing well. The patient says she felt miserable, was still hurting and she came to BSA emergency room."

**7.16**    The Plaintiff was admitted November 9, 2015 by Dr. Hand with the diagnoses of: 1. Retained distal appendix after appendectomy approximately 8 days ago. 2. Patient with history of appendicitis with the appendix removed from the cecum laparoscopically but the distal segment of the appendix was left in the patient.

**7.17**   Dr. Hand's History & Physical documents that he reviewed the films with the radiologist. He mentions a "small fluid collection and air pocket next to it," which was felt to possibly represent a small abscess.

**7.18**   On November 10, 2015, Plaintiff underwent laparoscopic removal of "what appeared to be a majority of the appendix" and drainage of "the abscessed cavity around the appendix." Dr. Hand left two drains in the right pelvis after copious irrigation of the abscess cavity.

**7.19**   The pathology report from Baptist St. Anthony's Health showed "Acute necrotizing appendicitis and acute periappendicitis with features consistent with perforation and abscess formation." The Gross Description of the specimen showed "a 7.0 x 1.0 x 0.7 cm, ruptured vermiform appendix."

**7.20**   Also on November 10, 2015, Plaintiff had a PICC line placed for IV access and for anticipated need for long term IV antibiotics.

**7.21**   Dr. Hand requested an Infectious Disease consult and Plaintiff was evaluated by Dr. Pablo Rodriguez. Dr. Rodriguez documents that the cultures showed a polymircobial process including gram-negative rods and gram-positive cocci. Dr. Rodriguez recommended at 2-3 week course of antibiotic therapy.

**7.22**   Plaintiff was discharged November 15, 2015 after having her drains removed. She was prescribed a course of IV Invanz through December 7, 2015.

## VIII.
## NEGLIGENCE OF DEFENDANT MARK S. HENDERSON, M.D.

**8.23**   The standard of care in Texas required proper pre-procedure evaluation, informed consent regarding the risks, benefits, and possible complications of the surgery, appropriate procedural technique, and prudent judgment with regard to decision making. The standard of care also required careful post-procedure evaluation, assessing patients for complications, and

arranging appropriate follow-up.

**8.24**  Defendant, **MARK S. HENDERSON, MD** breached the standard of care by improperly performing laparoscopic appendectomy and removing only a portion of Plaintiff's appendix. Defendant, **MARK S. HENDERSON, MD** breached the standard of care by failing to remove the retained portion of Plaintiff's appendix once the condition was recognized by pathology, CT scan and patient's condition. Defendant, **MARK S. HENDERSON, MD** breached the standard of care by discharging the patient on oral antibiotics and allowing her condition to progress to necrotizing appendicitis with perforation and peri-appendiceal abscess. Defendant, **MARK S. HENDERSON, MD** breached the standard of care by failing to address the patient's signs and symptoms upon follow-up.

**8.25**  In this case, the standard of care required that Defendant, **MARK S. HENDERSON, MD** correctly perform laparoscopic appendectomy and remove the entire appendix. The standard of care required that upon recognizing the majority of the appendix had not been removed, that Defendant, **MARK S. HENDERSON, MD** perform completion appendectomy to remove the infected appendiceal remnant. The standard of care required that Defendant, **MARK S. HENDERSON, MD** not ignore the pathology, CT scan, and Plaintiff's symptoms thus allowing her condition to progress to necrotizing appendicitis with perforation and peri-appendiceal abscess.

**8.26**  Defendants, acting individually and/or by and through its employee, violated the standards of care and duties owed to Plaintiff to exercise ordinary care and diligence exercised by other hospitals/physicians in the same or similar circumstances, and were negligent in numerous respects, including but not limited to the following:

a) Failure to properly perform laparoscopic appendectomy;

b) Failure to remove the appendix during laparoscopic appendectomy;

c) Failure to re-operate to remove the infected appendiceal remnant after identification of partial resection; and

d) Failure to properly treat the patient's appendicitis, thus allowing her condition to progress to necrotizing appendicitis with preformation and peri-appendiceal abscess.

**8.27** Each of foregoing acts and/or omissions, separately and/or collectively, constituted negligence which proximately caused Plaintiff's injuries and damages herein described.

**8.28** Furthermore, Plaintiff will show that the acts and omissions of the Defendant, as described above, were carried out with heedless and reckless disregard for the safety and welfare of plaintiff, and such disregard was a result of willful and wanton behavior and conscious indifference. The Defendant's conduct constituted gross negligence and Plaintiff seeks punitive damages.

**8.29** Each and all of the foregoing acts and/or omissions of the Defendants, taken separately and/or collectively, constitutes a direct and proximate cause of injuries and damages to Plaintiff, as set forth below.

## IX.
## DAMAGES OF PLAINTIFF

**9.30** As a direct and proximate result of the negligence of the Defendant, Plaintiff has suffered substantial injuries and the following damages, the value of which far exceeds the minimum jurisdictional limits of this court:

1. **Pain and Suffering past and future**
2. **Mental Anguish past and future**
3. **Physical Impairment past and future**
4. **Medical Charges past and future**
5. **Disfigurement past and future**
6. **Lost wages**
7. **Loss of earning capacity**
8. **Exemplary damages**
9. **Pre-judgement and Post-Judgement Interest**
10. **Court Costs**

## X.
## DEMAND FOR JURY

**10.31** Plaintiff respectively requests a trial by jury and tenders her jury fee concurrently with filing of this action.

## XI.
## PRAYER

**11.32** Plaintiff prays that the Defendant be cited to appear and answer herein, that upon final trial hereof, Plaintiff have judgement against the Defendant for the full amount of her damages as herein alleged, pre-judgement interest and post-judgement interest at the legal rate, costs of Court, exemplary damages, and such other further relief to which she may show herself to be justly entitled.

**Respectfully submitted,**

**QUACKENBUSH LAW FIRM**

**Jesse Quackenbush**
**Texas State Bar No. 16421975**
**801 S. Fillmore, Suite 460**
**Amarillo, Texas 79101**
**Phone:**       **(806) 374-4024**
**Facsimile:**   **(806) 352-0073**
**E-Mail:**      JESSEQLF@GMAIL.COM

**ATTORNEY FOR PLAINTIFF**

# Quackenbush Law Firm

November 21, 2016

**EXHIBIT**
**A**

<u>Via CMRRR 7015 1520 0001 8451 2006</u>
Mark S. Henderson
Pampa Medical Group-SURG
3023 Perryton Parkway, Suite 101
Pampa, Texas 79065

### § 75.051 NOTICE OF HEALTHCARE LIABILITY CLAIM

    Re: Amanda Olesen
    Date of Incident: November 2015

Dear Doctor Henderson:

    I have been consulted by Amanda Olesen for the purpose of pursuing a healthcare liability claim against Dr. Mark S. Henderson, arising from your care and treatment of her in November 2015 at Pampa Regional Medical Center.

    On the basis of the information furnished to me by my client and my investigation and research, I have determined that there are more than reasonable grounds to believe that the above-named client has a viable healthcare liability claim against you and/or your, agents, officers, servants, ostensible agents, employees, corporation, partnership, professional association, other associated entity, nurses and surgical technicians. The basis of this claim is that all or part of Amanda Olesen's appendix was not removed during her appendectomy surgery at Pampa Regional Medical Center, which you performed. This failure resulted in infection and an additional surgery which was performed at BSA hospital in Amarillo, Texas.

    **Notice**: Pursuant to Texas Civil Practice and Remedies Code §74.051, notice is hereby given to Dr. Mark S. Henderson, its agents, officers, servants, ostensible agents, employees, corporation, partnership, professional association, or other associated entities.

    Enclosed is a signed Authorization Form for Release of Protected Health Information provided to you pursuant to Tex. Civ. Prac. Rem. Code §74.052 as well as a HIPPA authorization for the release of the records and information.

    Pursuant to Section 241.103(c) of the Texas Health and Safety Code and *Ortega v. Trevino, M.D.*, 938 S.W.2d 219 (Tex. App.--Corpus Christi Jan. 30, 1997, n.w.h.) regarding spoliation of evidence, I request that the complete file and/or chart and all of its contents including the entire medical and billing records, photographs, memoranda, correspondence, phone notes, imaging studies, radiology studies, x-rays, tissue specimens, biopsy specimens, and other diagnostic testing materials of Amanda Olesen, be maintained in their original condition.

Dr. Mark S. Henderson
November 21, 2016
Page 2

---

I recommend that you send copies of this letter, to your professional liability insurance carrier, asking them to contact me as soon as possible. Under no circumstances do we wish to institute or prosecute an unfounded or unnecessary medical negligence claim. We have reached the conclusions stated above after reviewing the records and after having had a healthcare provider review these records and give us a preliminary opinion. This opinion is based upon the facts as outlined in the medical records, and any facts or circumstances not reflected in those records would, as a consequence, not be considered at this time. Therefore, if you are aware of other facts that would shed additional light on the care of the patient, please advise us through your attorney or liability insurance carrier.

I look forward to hearing from you, your attorney or your liability insurance carrier in the very near future.

Sincerely,

Jesse Quackenbush,
Attorney

JQ/ebw

Enclosure: Ch. 74 Medical Authorization

cc:    Amanda Olesen

## <u>AUTHORIZATION FORM FOR RELEASE OF</u>
## <u>PROTECTED HEALTH INFORMATION</u>
### <u>Tex. Civ. Prac. Rem. Code §74.052</u>

A. I, <u>AMANDA OLESEN</u> hereby authorize <u>QUACKENBUSH LAW FIRM</u> to obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

1. To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or

2. Defense of any litigation arising out of the claim made basis of the accompanying Notice of Health Care Claim.

B. The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

3. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated <u>AMANDA OLESEN</u> in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

- o   Any and all physicians and Healthcare Providers at <u>PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.</u>

- o   Any and all physicians and Healthcare Providers at <u>DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065</u>

- o   Any and all physicians and Healthcare Providers at <u>BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.</u>

This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat <u>AMANDA OLESEN</u> for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim;

4. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated <u>AMANDA OLESEN</u> during a period commencing five years prior to the incident made the basis of the accompanying Notice of Heath Care Claim are:

- o   Any and all physicians and Healthcare Providers at <u>PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.</u>

- o   Any and all physicians and Healthcare Providers at <u>DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065</u>

- o   Any and all physicians and Healthcare Providers at <u>BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.</u>

- o   Any and all physicians and Healthcare Providers at _____
_____

C. Excluded Heath Information—the following constitutes a list of physicians or health care providers possessing health care information concerning AMANDA OLESEN to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or the physical, mental, or emotional condition of AMANDA OLESEN arising out of the claim made the basis of the accompanying Notice of Health Care Claim: None

D. The persons or class of persons to whom the health information of AMANDA OLESEN will be disclosed or who will make use of said information are:

1. Any and all physicians or health care providers providing care or treatment to AMANDA OLESEN;

2. Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of AMANDA OLESEN;

3. Any consulting or testifying experts employed by or on behalf of _____ _____ with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4. Any attorneys (including secretarial, clerical or paralegal staff) employed by or on behalf of _____ _____ with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

5. Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of _____.

E. This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F. I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and R3emedies Code.

G. I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, eligibility for health plan benefits.

H. I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPPA privacy regulations.

*Signature of Patient:*

*Printed Name*: Amanda Olesen

11/21/16

*Date*

## AUTHORIZATION FORM FOR RELEASE OF
## PROTECTED HEALTH INFORMATION
### Tex. Civ. Prac. Rem. Code §74.052

A. I, AMANDA OLESEN hereby authorize DR. MARK HENDERSON to obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

1. To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or

2. Defense of any litigation arising out of the claim made basis of the accompanying Notice of Health Care Claim.

B. The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

3. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated AMANDA OLESEN in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

- o   Any and all physicians and Healthcare Providers at PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.

- o   Any and all physicians and Healthcare Providers at DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065

- o   Any and all physicians and Healthcare Providers at BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.

This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat AMANDA OLESEN for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim;

4. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated AMANDA OLESEN during a period commencing five years prior to the incident made the basis of the accompanying Notice of Heath Care Claim are:

- o   Any and all physicians and Healthcare Providers at PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.

- o   Any and all physicians and Healthcare Providers at DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065

- o   Any and all physicians and Healthcare Providers at BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.

- o   Any and all physicians and Healthcare Providers at _____

C. Excluded Heath Information—the following constitutes a list of physicians or health care

providers possessing health care information concerning AMANDA OLESEN to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or the physical, mental, or emotional condition of AMANDA OLESEN arising out of the claim made the basis of the accompanying Notice of Health Care Claim: None

D. The persons or class of persons to whom the health information of AMANDA OLESEN will be disclosed or who will make use of said information are:

1. Any and all physicians or health care providers providing care or treatment to AMANDA OLESEN;

2. Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of AMANDA OLESEN;

3. Any consulting or testifying experts employed by or on behalf of _____ _____with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4. Any attorneys (including secretarial, clerical or paralegal staff) employed by or on behalf of _____ _____with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

5. Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of_____.

E. This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F. I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and R3emedies Code.

G. I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, eligibility for health plan benefits.

H. I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPPA privacy regulations.

*Signature of Patient:*

*Printed Name*: Amanda Olesen

11/21/16

*Date*

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**

PAMPA, TX 79065

OFFICIAL USE

| Certified Mail Fee | $3.50 | | 0209 |
| $ | | $2.70 | 01 |
| Extra Services & Fees (check box, add fee as appropriate) | | | Olesen |
| ☐ Return Receipt (hardcopy) | $ | $0.00 | |
| ☐ Return Receipt (electronic) | $ | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Here |
| ☐ Adult Signature Required | $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $6.45 | | 11/23/2016 |
| $ | | | |
| Total Postage and Fees | $12.45 | | |
| $ | | | |

Sent To *Mark Henderson*
Street and Apt. No., or PO Box No. *3023 Perryton Parkway, Suite 101*
City, State, ZIP+4 *Pampa, TX 79065*

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Mark S. Henderson*
*Pampa Regional Group*
*3023 Perryton Parkway, Ste 101*
*Pampa, TX 79065*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
_____   11-28-16

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

9590 9403 0300 5155 6057 53

2. Article Number (Transfer from service label)

7015 1520 0001 8451 2006

PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

# EXHIBIT B-2

Filed 2/24/2017 8:58:42 AM
Jo Mays
District Clerk
Gray County, Texas
223RD
Reviewed By: Dronda Kelsey

# CIVIL CASE INFORMATION SHEET

38783

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED Amanda Olesen v. Mark S. Henderson, MD

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Jesse L. Quackenbush<br><br>**Email:** jesseqlf@gmail.com | **Plaintiff(s)/Petitioner(s):** Amanda Olesen | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 801 S. Fillmore, Ste. 460<br><br>**Telephone:** 806-374-4024 | **Defendant(s)/Respondent(s):** Mark S. Henderson, MD | **Additional Parties in Child Support Case:**<br><br>Custodial Parent: |
| **City/State/Zip:** Amarillo, Texas 79101<br><br>**Fax:** 806-352-0073 | | Non-Custodial Parent: |
| **Signature:** _/s/_<br><br>**State Bar No:** 16421975 | *[Attach additional page as necessary to list all parties]* | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☒ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | *Probate & Mental Health* | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

# EXHIBIT B-3

Filed 2/24/2017 8:58:42 AM
District Clerk
Gray County, Texas
Reviewed By: Dronda Kelsey

REQUEST FOR ISSUANCE

CAUSE NUMBER: **38783**

TYPE OF ISSUANCE: *E-FILING-YOU MUST ASSESS THE TYPE OF ISSUANCE, TYPE OF SERVICE, SERVICE FEES, AND COPY FEES ACCORDINGLY*

[X] CITATION
[ ] PRECEPT
[ ] TRO
[ ] PROTECTIVE ORDER
[ ] ABSTRACT OF JUDGMENT
[ ] WRIT OF EXECUTION
[ ] OTHER: _____

TYPE OF SERVICE:
[ ] POTTER COUNTY SHERIFF *SERVICE FEE AND COPY FEE REQUIRED*
[ ] CIVIL PROCESS SERVER-AUTHORIZED PERSON TO PICK-UP: _____
[ ] POSTING *SERVICE FEE AND COPY FEE REQUIRED*
[ ] PUBLICATION *SERVICE FEE REQUIRED*
[X] CERTIFIED MAIL *SERVICE FEE AND COPY FEE REQUIRED*
[ ] TO BE MAILED TO PARTY REQUESTING SERVICE *SELF ADDRESSED STAMPED ENVELOPE AND/OR POSTAGE FEE REQUIRED*
[ ] TO BE EMAILED TO PARTY REQUESTING SERVICES-*MUST INCLUDE EMAIL ADDRESS*

TITLE OF DOCUMENT: Plaintiff's Original Petition
*FOR EACH PARTY SERVED YOU MUST ASSESS THE APPROPRIATE NUMBER OF COPIES OF THE DOCUMENT TO BE SERVED * UNLESS CLERK IS TO EMAIL, THEN NO COPY FEE IS REQUIRED*

FILE MARKED DATE OF DOCUMENT TO BE SERVED: 2/24/17

PARTY TO BE SERVED: (PLEASE FILL OUT A NEW REQUEST FORM PER PARTY TO BE SERVED)
NAME: Mark S. Henderson MD
ADDRESS: 3023 Perryton Parkway, Suite 101
Pampa, TX 79065
AGENT, IF APPLICABLE: _____

PARTY/ATTORNEY REQUESTING SERVICE:
NAME: Jesse Quackenbush
MAILING ADDRESS: 801 S. Fillmore, Suite 400
PHONE NUMBER: (806) 374-4024      FAX NUMBER: (806) 362-0073
EMAIL ADDRESS: Jesseq1f@gmail.com

# EXHIBIT B-4

**JO MAYS**
**DISTRICT CLERK**
**GRAY COUNTY**
**P.O. BOX 1139**
**PAMPA, TX 79066-1139**
**806 669-8010**



February 24, 2017

MARK S. HENDERSON, MD
3023 PERRYTON PARKWAY, SUITE 101
PAMPA, TX 79065

           Re:    Cause: 38783
                 AMANDA OLESEN
                 VS.
                 HENDERSON, MARK S., MD

**CERTIFIED MAIL**

Dear Dr. Mark S. Henderson:

You are hereby served with the enclosed Citation by Certified Mail.

            Sincerely,


            Jo Mays
            District Clerk
            223RD DISTRICT COURT

By: *Dronda Kelsey*
          DRONDA KELSEY, DEPUTY

Enclosure
Certified Receipt Number: 7014 2120 0000 2068 4500

**CITATION – personal service – TRC 99**

# COPY

**THE STATE OF TEXAS :**
**AMANDA OLESEN**
**VS.**
**HENDERSON, MARK S., MD**

**Cause No: 38783**
**IN THE 223RD DISTRICT COURT**
**OF GRAY COUNTY, TEXAS**

TO: MARK S. HENDERSON, MD, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TX 79065, Defendant - GREETING

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the Original Petition at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 223RD DISTRICT COURT of Gray County, at the Courthouse in said County in Pampa, Texas.  Said **PLAINTIFF'S ORIGINAL PETITION** was filed in said court on the 24th day of February, 2017 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Original Petition accompanying this citation and made a part hereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Pampa, Tx 79066-1139, ON THIS THE 24th day of February, 2017.

**ATTORNEY REQUESTING:**

JESSE L. QUACKENBUSH
801 S. FILLMORE ST., STE. 460
AMARILLO, TX 79109

**Jo Mays, District Clerk**
**223RD DISTRICT COURT**
**Gray County**
**P.O. Box 1139**
**205 N. Russell Street**
**Pampa, Tx 79066-1139**

By *Dronda Kelsey*
DRONDA KELSEY, DEPUTY
** **

## CERTIFICATE  OF DELIVERY BY CERTIFIED MAIL

Came to hand on the 24th day of February 2017 at 8:58 o'clock  AM and executed the 24th day of February 2017 by mailing to defendant **PLAINTIFF'S ORIGINAL PETITION** by registered or certified mail, with delivery restricted, return receipt requested, a true copy of this citation with a copy of the petition to the following address:
    **MARK S. HENDERSON, MD,  3023 PERRYTON PARKWAY, SUITE 101,  PAMPA, TX 79065**

Fees ........... $108.00

JO MAYS /  District Clerk
GRAY County, Texas
By *Dronda Kelsey*_____ Deputy
        Dronda Kelsey

EXHIBIT B-5

Filed 3/15/2017 4:36:34 PM
District Clerk
Gray County, Texas
Reviewed By: Dronda Kelsey

# REQUEST FOR ISSUANCE

CAUSE NUMBER: 38783

TYPE OF ISSUANCE: *E-FILING-YOU MUST ASSESS THE TYPE OF ISSUANCE,
TYPE OF SERVICE, SERVICE FEES, AND COPY FEES ACCORDINGLY*

- [X] CITATION
- [ ] PRECEPT
- [ ] TRO
- [ ] PROTECTIVE ORDER
- [ ] ABSTRACT OF JUDGMENT
- [ ] WRIT OF EXECUTION
- [ ] OTHER: _____

TYPE OF SERVICE:
- [ ] POTTER COUNTY SHERIFF *SERVICE FEE AND COPY FEE REQUIRED*
- [ ] CIVIL PROCESS SERVER-AUTHORIZED PERSON TO PICK-UP: _____
- [ ] POSTING *SERVICE FEE AND COPY FEE REQUIRED*
- [ ] PUBLICATION *SERVICE FEE REQUIRED*
- [ ] CERTIFIED MAIL *SERVICE FEE AND COPY FEE REQUIRED*
- [ ] TO BE MAILED TO PARTY REQUESTING SERVICE *SELF ADDRESSED STAMPED ENVELOPE AND/OR POSTAGE FEE REQUIRED*
- [X] TO BE EMAILED TO PARTY REQUESTING SERVICES-*MUST INCLUDE EMAIL ADDRESS*

TITLE OF DOCUMENT: Plaintiff's Original Petition
*FOR EACH PARTY SERVED YOU MUST ASSESS THE APPROPRIATE NUMBER OF COPIES OF THE DOCUMENT TO BE SERVED * UNLESS CLERK IS TO EMAIL, THEN NO COPY FEE IS REQUIRED*

FILE MARKED DATE OF DOCUMENT TO BE SERVED: 3 04 17

PARTY TO BE SERVED: (PLEASE FILL OUT A NEW REQUEST FORM PER PARTY TO BE SERVED)
NAME: Mark S. Henderson
ADDRESS: 3201 vast gore blvd. Suite 305
Lawton Oklahoma 73505

AGENT, IF APPLICABLE: _____

PARTY/ATTORNEY REQUESTING SERVICE:
NAME: Jesse Quackenbush
MAILING ADDRESS: 801 S. Fillmore, Suite 400
PHONE NUMBER: (806) 374-4024    FAX NUMBER: (806) 362-0073
EMAIL ADDRESS: Jesseq18@gmail.com

Jessica Email address:
Jessicapolsat@gmail.com

# EXHIBIT B-6

## CITATION – Personal Service – TRC 99
### THE STATE OF TEXAS:

**COPY**

**RETURN ATTORNEY**

AMANDA OLESEN
VS.
HENDERSON, MARK S., MD

Cause No: 38783
IN THE 223RD DISTRICT COURT
OF GRAY COUNTY, TEXAS

TO: MARK S. HENDERSON, MD, 3201 WEST GORE BLVD., SUITE 305, LAWTON, OK 73505, Respondent - GREETING

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 223RD DISTRICT COURT of Gray County, at the Courthouse in said County in Pampa, Texas. Said PLAINTIFF'S ORIGINAL PETITION was filed in said court on the 24th day of February, 2017 in the above entitled cause.

The nature of demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made a part hereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Pampa, Tx 79066-1139, ON THIS THE 16th day of March, 2017.

**ATTORNEY REQUESTING:**
JESSE QUACKENBUSH
801 S. FILLMORE, SUITE 460
AMARILLO, TX 79109

Jo Mays, District Clerk
223RD DISTRICT COURT
Gray County
P.O. Box 1139
205 N. Russell Street
Pampa, Tx 79066-1139

By _Dronda Kelsey_
DRONDA KELSEY, DEPUTY
** **

*DISTRICT COURT OF GRAY COUNTY TEXAS*

## OFFICER'S RETURN

CAUSE #38783

**AMANDA OLESEN**
**VS.**
**HENDERSON, MARK S., MD**

**IN THE 223RD DISTRICT COURT**
**OF**
**GRAY COUNTY, TEXAS**

**NAME AND ADDRESS FOR SERVICE:**
MARK S. HENDERSON, MD
3201 WEST GORE BLVD., SUITE 305
LAWTON, OK 73505

Came to hand on the _____ day of _____, 20___, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION**, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy $_____
Total                $_____

_____, Officer
_____, County, Texas
By:_____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is _____
                (First, Middle, Last)

_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

**RETURN TO:**
Jo Mays, Gray County District Clerk
205 N. Russell Street
Pampa, Tx 79066-1139

EXHIBIT B-7

## CITATION – personal service – TRC 99

**THE STATE OF TEXAS :**
**AMANDA OLESEN**
**VS.**
**HENDERSON, MARK S., MD**

**UNSERVED**

**Cause No: 38783**
**IN THE 223RD DISTRICT COURT**
**OF GRAY COUNTY, TEXAS**

*(stamp: 2017 MAR 21 JO MAYS, DISTRICT CLERK)*
*(stamp: FILED GRAY COUNTY, TEXAS)*

TO: MARK S. HENDERSON, MD, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TX 79065, Defendant
GREETING

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after the date you were served this citation and petition a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the Original Petition at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 223RD DISTRICT COURT of Gray County, at the Courthouse in said County in Pampa, Texas.  Said **PLAINTIFF'S ORIGINAL PETITION** was filed in said court on the 24th day of February, 2017 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Original Petition accompanying this citation and made a part hereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Pampa, Tx 79066-1139, ON THIS THE 24th day of February, 2017.

**ATTORNEY REQUESTING:**

JESSE L. QUACKENBUSH
801 S. FILLMORE ST., STE. 460
AMARILLO, TX 79109

**UNSERVED**

**Jo Mays, District Clerk**
**223RD DISTRICT COURT**
**Gray County**
**P.O. Box 1139**
**205 N. Russell Street**
**Pampa, Tx 79066-1139**

By *Dronda Kelsey*
DRONDA KELSEY, DEPUTY
** **

*(seal: DISTRICT COURT OF GRAY COUNTY, TEXAS)*

### CERTIFICATE  OF DELIVERY BY CERTIFIED MAIL

Came to hand on the 24th day of February 2017 at 8:58 o'clock  AM and executed the 24th day of February 2017 by mailing to defendant **PLAINTIFF'S ORIGINAL PETITION** by registered or certified mail, with delivery restricted, return receipt requested, a true copy of this citation with a copy of the petition to the following address:
**MARK S. HENDERSON, MD,  3023 PERRYTON PARKWAY, SUITE 101,  PAMPA, TX 79065**

Fees ........... $108.00

JO MAYS /  District Clerk
GRAY County, Texas
By *Dronda Kelsey* _____ Deputy
Dronda Kelsey

**UNSERVED**

**UNSERVED**



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ *1.09* |
| Certified Fee | *3.35* |
| Return Receipt Fee (Endorsement Required) | *2.75* |
| Restricted Delivery Fee (Endorsement Required) | *4.95* |
| Total Postage & Fees | $ *12.14* |

Postmark Here

PAMPA TEXAS
FEB 24 2017

Sent To
MARK S. HENDERSON, MD

Street & Apt. or PO Box
3023 PERRYTON PARKWAY, SUITE 101

City, State,
PAMPA, TX 79065

PS Form 3800, July 2014          See Reverse for Instructions

7014 2120 0000 2068 4500
38783-DK

**CERTIFIED MAIL®**



JO MAYS
District Clerk
Gray County
P. O. Box 1139
Pampa, Texas 79066-1139

7014 2120 0000 2068 4500



U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 79065   $ 012.14⁰
02 1W
0001395081 FEB. 24. 2017

CERTIFIED MAIL
RESTRICTED DELIVERY
UNSERVED
JO MAYS, DISTRICT CLERK

UNSERVED          UNSERVED

K. S. HENDERSON, MD
2025 ~~PRINCETON PARKWAY, SUITE 101~~
PAMPA, TX 79065

Business closed
2/25 ME

2017 MAR 21  AM 10 09

FILED
GRAY COUNTY TEXAS

38783

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

UNC       BC: 79066113939    *2182-02024-18-27
79066>1139

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE.

**SENDER: *COMPLETE THIS SECTION***

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits. 38783 - DK

1. Article Addressed to:

MARK S. HENDERSON, MD
3023 PERRYTON PARKWAY, SUITE 101
PAMPA, TX 79065

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2181 6193 1130 04

2. Article Number *(Transfer from service label)*
7014 2120 0000 2068 4500

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
    ☐ Agent
    ☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

# EXHIBIT B-8

Filed 4/5/2017 8:22:41 AM
District Clerk
Gray County, Texas
Reviewed By: Dronda Kelsey

## CITATION -- Personal Service -- TRC 99
## THE STATE OF TEXAS:

AMANDA OLESEN
VS.
HENDERSON, MARK S., MD

Cause No: 38783
IN THE 223RD DISTRICT COURT
OF GRAY COUNTY, TEXAS

RETURN ATTORNEY

TO: MARK S. HENDERSON, MD, 3201 WEST GORE BLVD., SUITE 305, LAWTON, OK 73505, Respondent - GREETING

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 223RD DISTRICT COURT of Gray County, at the Courthouse in said County in Pampa, Texas. Said PLAINTIFF'S ORIGINAL PETITION was filed in said court on the 24th day of February, 2017 in the above entitled cause.

The nature of demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made a part hereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Pampa, Tx 79066-1139, ON THIS THE 16th day of March, 2017.

**ATTORNEY REQUESTING:**
JESSE QUACKENBUSH
801 S. FILLMORE, SUITE 460
AMARILLO, TX 79109

**Jo Mays, District Clerk**
**223RD DISTRICT COURT**
**Gray County**
**P.O. Box 1139**
**205 N. Russell Street**
**Pampa, Tx 79066-1139**

By _Dronda Kelsey_
DRONDA KELSEY, DEPUTY
** **

DISTRICT COURT OF GRAY COUNTY, TEXAS

/6-2

### OFFICER'S RETURN

CAUSE #38783

AMANDA OLESEN
VS.
HENDERSON, MARK S., MD

IN THE 223RD DISTRICT COURT
OF
GRAY COUNTY, TEXAS

**NAME AND ADDRESS FOR SERVICE:**
MARK S. HENDERSON, MD
3201 WEST GORE BLVD., SUITE 305
LAWTON, OK 73505

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION**, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |

And not executed as to the defendant(s). _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy $ _____
Total                        $ 130⁰⁰

_____, Officer
_____, County, Texas
By: _____, Deputy

_____
Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is _____
        (First, Middle, Last)

_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

**RETURN TO:**
Jo Mays, Gray County District Clerk
205 N. Russell Street
Pampa, Tx 79066-1139

Affidavit Attach.

CAUSE NO.: 38783

### RETURN

Came to hand: March __20____, 2017 at _3__ :_10_ o'clock _P_ . M.

### CITATION and PLAINTIFF'S ORIGINAL PETITION

Delivered on: ___3-29_____, 2017 at _11_ : _38_ o'clock _A_ . M.

Delivered at: _3201 W. Gore Blvd., Suite 305_, _Lawton_____,
County    : _Comanche_____, Oklahoma

By Delivery to: **MARK S. HENDERSON, MD.**, in person, a true copy of the above specified civil process having first endorsed on such copy of the DISCOVERY the date of delivery.

Not Executed:

_____

I am over the age of 18, and I am neither a party to nor interested in the outcome of the above numbered suit; and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
WM DALE ROPER                    _printed name_
Olpslawton Process Service
431 SW C #102
Lawton Oklahoma 73501

### STATE OF OKLAHOMA:

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct. Given under my hand and seal of office on this the 29th day of _March_____, 2017.

_____
Notary Public Signature

SHARON KAY ROPER
Notary Public
State of Oklahoma
Commission #17000532
My Commission Expires January 19, 2021

EXHIBIT B-9

Filed 6/20/2017 2:52 PM
Jo Mays
District Clerk
Gray County, Texas
Reviewed By: O'Leen Bennett

### CAUSE NO. 38783

| | | |
|---|---|---|
| AMANDA OLESEN, | § | IN THE 223RD DISTRICT COURT |
|     PLAINTIFF, | § | |
| | § | |
| VS. | § | IN AND FOR |
| | § | |
| PRIME HEALTHCARE | § | |
| FOUNDATION, INC. D/B/A PAMPA | § | |
| REGIONAL MEDICAL CENTER AND | § | |
| MARK S. HENDERSON, M.D., | § | |
|     DEFENDANTS | § | GRAY COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW, AMANDA OLESEN, hereinafter referred to as Plaintiff, complaining of

PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER AND

MARK S. HENDERSON, M.D. hereinafter sometimes referred to as Defendants and in support of

this cause of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY LEVEL ELECTION AND
### REQUEST FOR DISCOVERY CONTROL PLAN

1.01    Pursuant to TEX. R. CIV. P. 190, Plaintiff requests that discovery be conducted under

Level 3, TEX. R. CIV. P 109.4.  Further, Plaintiff moves for an Order that discovery be conducted

in accordance with a discovery control plan tailored to the circumstances of this specific case,

pursuant to Rule 190.4(a).

### II.
### PARTIES

2.02    Plaintiff, AMANDA OLESEN is a resident citizen of Pampa, Gray County, Texas.

The last four digits of her social security number are 4911.

2.03    Defendant, MARK S. HENDERSON, MD is a licensed Texas physician. This

Defendant has been served with citation.

Plaintiff's First Amended Petition                                                    Page 1 of 10

**2.04**  Defendant, **PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER** is a foreign non-profit corporation and may be served by serving its Registered Agent, Brad Moore at One Medical Plaza, Pampa, Texas 79065.

## III.
## METHOD OF SERVICE

**3.05**  Plaintiff requests that the Gray County District Clerk issue citation and serve the Defendant **PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER** with citation along with a copy of the Petition by certified mail – returned receipt requested.

## IV.
## JURISDICTION

**4.06**  The Court has jurisdiction over Defendants, because the Defendants' principle place of business is in Texas. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Court. Plaintiff seeks damages in excess of $1,000,000.00.

## V.
## VENUE

**5.07**  All or part of Plaintiff's causes of action arose in Pampa, Gray County, Texas.

## VI.
## NOTICE OF HEALTHCARE LIABILITY CLAIM

**6.08**  Sixty (60) days prior to filing of this suit, Plaintiff gave written notice of her claims to the Defendants as required by **TEXAS CIVIL PRACTICE AND REMEDIES CODE § 74.051.** See, Exhibit "A" attached and "B" attached hereto.

**6.09**  Plaintiff will show that, at all times relevant and material hereto, Defendant, **MARK S. HENDERSON, MD**, was a licensed Texas physician and Defendant **PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER** retained authority to dictate the

manner in which he provided care and/or surgical services at Pampa Regional Medical Center to Plaintiff.

## VII.
## FACTS AND ALLEGATIONS

**7.10**   Plaintiff is a 26 year old female who was seen in the Pampa Regional Medical Center Emergency Department on November 3, 2015 with the complaint of left lower quadrant pain for 3 days. Pampa Regional Medical Center is owned and operated by **PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER,** Defendant. The patient was evaluated by Dr. Donald Hubbard who noted moderate right lower quadrant pain on exam. He ordered a CT scan of the abdomen/pelvis which shows acute appendicitis. The patient was admitted to the hospital by Defendant, **MARK S. HENDERSON, MD,** who was working in the course and scope of this employment with Defendant, **PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER.**   Plaintiff was being treated outside of the Emergency Department as a surgical patient and was in stable condition.

**7.11**   Defendant, **MARK S. HENDERSON, MD** took Plaintiff to the operating room for a laparoscopic appendectomy. The operative report reveals that she received preoperative Zosyn and that the laparoscopic appendectomy was completed without complication.

**7.12**   Postoperatively, Plaintiff had persistent fever which was documented in Defendant's progress note to be as high as 104 degrees Fahrenheit on the morning of November 4, 2015.

**7.13**   A repeat CT scan of the abdomen and pelvis was ordered and completed November 4, 2015 at 1832. The CT report mentions "fluid-filled tubular structure 1.0 cm in diameter" in the right lower quadrant. The report conclusion was as follows: "1 Postsurgical changes 2. Question of incomplete appendiceal resection. 3. Left external oblique hematoma."

7.14   The "Gross Description" section of the pathology report from the November 3, 2015 surgery by Defendant was reported as follows: "The specimen is received in formalin labeled 'Appendix' and consists of a 3.5 x 2.0 x 0.9 cm, irregular appendix with up to 1.0 cm of attached mesoappendix. Two staple lines are identified. No obvious appendix tip is identified."

7.15   The discharge summary from the hospital shows the date of admission to be November 3, 2015 and the date of discharge November 7, 2015. The document summarized Plaintiff's hospital course as follows: "The patient was seen in the emergency room by **MARK S. HENDERSON, MD**. Plaintiff was taken to the operating room and underwent laparoscopic appendectomy without complications. Postoperatively she developed postoperative abscess. At the discharge, the patient has been tolerating p.o. well and normal bowel function. No evidence of peritoneal signs."

7.16   Plaintiff then presented on November 9, 2015 to the BSA Health System emergency room in Amarillo, Texas "complaining of chronic pain in the lower abdomen, not feeling well, fevers off and on and has a history of having laparoscopic appendectomy done in Pampa some 8 to 9 days ago." The admission History and Physical by Dr. Victor Hand reflects that, "the patient had a diagnosis of appendicitis proved by CT scan in Pampa, was taken to the operating room by the Pampa surgeon who performed a laparoscopic appendectomy, removed the appendix from the cecum but only took a small segment or at least part of the proximal appendix but left the distal appendix in the patient and even afterwards he knew he did this and even afterwards the follow-up CT showed the staple line across the base of the cecum and the distal appendix still in the patient. The patient was told that it [it] would heal with antibiotics and she was in the hospital for 5 or 6 days getting antibiotics and then she went with Levaquin and Flagyl and was told it would be better. She says today when she saw her surgeon he told her it was going to get better and that

she was already in the mend and was doing well. The patient says she felt miserable, was still hurting and she came to BSA emergency room."

**7.17**  The Plaintiff was admitted November 9, 2015 by Dr. Hand with the diagnoses of: 1. Retained distal appendix after appendectomy approximately 8 days ago. 2. Patient with history of appendicitis with the appendix removed from the cecum laparoscopically but the distal segment of the appendix was left in the patient.

**7.18**  Dr. Hand's History & Physical documents that he reviewed the films with the radiologist. He mentions a "small fluid collection and air pocket next to it," which was felt to possibly represent a small abscess.

**7.19**  On November 10, 2015, Plaintiff underwent laparoscopic removal of "what appeared to be a majority of the appendix" and drainage of "the abscessed cavity around the appendix." Dr. Hand left two drains in the right pelvis after copious irrigation of the abscess cavity.

**7.20**  The pathology report from Baptist St. Anthony's Health showed "Acute necrotizing appendicitis and acute periappendicitis with features consistent with perforation and abscess formation." The Gross Description of the specimen showed "a 7.0 x 1.0 x 0.7 cm, ruptured vermiform appendix."

**7.21**  Also on November 10, 2015, Plaintiff had a PICC line placed for IV access and for anticipated need for long term IV antibiotics.

**7.22**  Dr. Hand requested an Infectious Disease consult and Plaintiff was evaluated by Dr. Pablo Rodriguez. Dr. Rodriguez documents that the cultures showed a polymircobial process including gram-negative rods and gram-positive cocci. Dr. Rodriguez recommended at 2-3 week course of antibiotic therapy.

7.23    Plaintiff was discharged November 15, 2015 after having her drains removed. She was prescribed a course of IV Invanz through December 7, 2015.

## VIII.
## NEGLIGENCE OF DEFENDANT MARK S. HENDERSON, M.D.

8.24    The standard of care in Texas required proper pre-procedure evaluation, informed consent regarding the risks, benefits, and possible complications of the surgery, appropriate procedural technique, and prudent judgment with regard to decision making. The standard of care also required careful post-procedure evaluation, assessing patients for complications, and arranging appropriate follow-up.

8.25    Defendant, **MARK S. HENDERSON, MD** breached the standard of care by improperly performing laparoscopic appendectomy and removing only a portion of Plaintiff's appendix. Defendant, **MARK S. HENDERSON, MD** breached the standard of care by failing to remove the retained portion of Plaintiff's appendix once the condition was recognized by pathology, CT scan and patient's condition. Defendant, **MARK S. HENDERSON, MD** breached the standard of care by discharging the patient on oral antibiotics and allowing her condition to progress to necrotizing appendicitis with perforation and peri-appendiceal abscess. Defendant, **MARK S. HENDERSON, MD** breached the standard of care by failing to address the patient's signs and symptoms upon follow-up.

8.26    In this case, the standard of care required that Defendant, **MARK S. HENDERSON, MD** correctly perform laparoscopic appendectomy and remove the entire appendix. The standard of care required that upon recognizing the majority of the appendix had not been removed, that Defendant, **MARK S. HENDERSON, MD** perform completion appendectomy to remove the infected appendiceal remnant. The standard of care required that Defendant, **MARK S. HENDERSON, MD** not ignore the pathology, CT scan, and Plaintiff's symptoms thus allowing her condition to

progress to necrotizing appendicitis with perforation and peri-appendiceal abscess.

8.27   Defendants, acting individually and/or by and through its employee, violated the standards of care and duties owed to Plaintiff to exercise ordinary care and diligence exercised by other hospitals/physicians in the same or similar circumstances, and were negligent in numerous respects, including but not limited to the following:

      a)  Failure to properly perform laparoscopic appendectomy;

      b)  Failure to remove the appendix during laparoscopic appendectomy;

      c)  Failure to re-operate to remove the infected appendiceal remnant after identification of partial resection; and

      d)  Failure to properly treat the patient's appendicitis, thus allowing her condition to progress to necrotizing appendicitis with perforation and peri-appendiceal abscess.

8.28   Each of foregoing acts and/or omissions, separately and/or collectively, constituted negligence which proximately caused Plaintiff's injuries and damages herein described.

8.29   Furthermore, Plaintiff will show that the acts and omissions of the Defendants, as described above, were carried out with heedless and reckless disregard for the safety and welfare of Plaintiff, and such disregard was a result of willful and wanton behavior and conscious indifference. The Defendants' conduct constituted gross negligence and Plaintiff seeks punitive damages.

8.30   Each and all of the foregoing acts and/or omissions of the Defendants, taken separately and/or collectively, constitutes a direct and proximate cause of injuries and damages to Plaintiff, as set forth below.

## IX.
## NEGLIGENCE OF DEFENDANT PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER

9.31   At all times relevant and material hereto, Defendant **MARK S. HENDERSON, M.D.** was an employee of Defendant, **PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER** and was working in the course and scope of his employment. Therefore, all of the acts and/or omissions complained of regarding Defendant **MARK S. HENDERSON, M.D.** are attributable to his employer, Defendant, **PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER** pursuant to the theory of Respondent Superior.   Defendant **PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER** was jointly burdened with the duty of following all applicable standards of care during the Plaintiff's hospitalization and is vicariously liable for all damages proximately resulting from these joint violations of their standards of care of its employee Defendant **MARK S. HENDERSON, M.D.**

## X.
## DAMAGES OF PLAINTIFF

10.32   As a direct and proximate result of the negligence of the Defendants, Plaintiff has suffered substantial injuries and the following damages, the value of which far exceeds the minimum jurisdictional limits of this court:

1.   **Pain and Suffering past and future**
2.   **Mental Anguish past and future**
3.   **Physical Impairment past and future**
4.   **Medical Charges past and future**
5.   **Disfigurement past and future**
6.   **Lost wages**
7.   **Loss of earning capacity**
8.   **Exemplary damages**
9.   **Pre-judgement and Post-Judgement Interest**
10.   **Court Costs**

## XI.
## DEMAND FOR JURY

11.33  Plaintiff respectively requests a trial by jury and has tendered jury fee concurrently with filing of this action.

## XII.
## PRAYER

12.34  Plaintiff prays that the Defendant PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER be cited to appear and answer herein, that upon final trial hereof, Plaintiff have judgement against the Defendants jointly and severally for the full amount of her damages as herein alleged, pre-judgement interest and post-judgement interest at the legal rate, costs of Court, exemplary damages, and such other further relief to which she may show herself to be justly entitled.

Respectfully submitted,

QUACKENBUSH LAW FIRM

Jesse Quackenbush
Texas State Bar No. 16421975
801 S. Fillmore, Suite 460
Amarillo, Texas 79101
Phone:        (806) 374-4024
Facsimile:    (806) 352-0073
E-Mail:       JESSEQLF@GMAIL.COM

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2017, a true and correct copy of the above and foregoing Plaintiff's First Amended Petition was served on all parties of record as follows:

Via CMRRR:  7009 1680 0001 5097 7471
Mark S. Henderson, M.D.
3201 West Gore Boulevard, Suite 305
Lawton, Oklahoma 73505

Jesse Quackenbush

# Quackenbush Law Firm

November 21, 2016

Via CMRRR 7015 1520 0001 8451 2006
Mark S. Henderson
Pampa Medical Group-SURG
3023 Perryton Parkway, Suite 101
Pampa, Texas 79065

### § 75.051 NOTICE OF HEALTHCARE LIABILITY CLAIM

Re: Amanda Olesen
Date of Incident: November 2015

Dear Doctor Henderson:

I have been consulted by Amanda Olesen for the purpose of pursuing a healthcare liability claim against Dr. Mark S. Henderson, arising from your care and treatment of her in November 2015 at Pampa Regional Medical Center.

On the basis of the information furnished to me by my client and my investigation and research, I have determined that there are more than reasonable grounds to believe that the above-named client has a viable healthcare liability claim against you and/or your, agents, officers, servants, ostensible agents, employees, corporation, partnership, professional association, other associated entity, nurses and surgical technicians. The basis of this claim is that all or part of Amanda Olesen's appendix was not removed during her appendectomy surgery at Pampa Regional Medical Center, which you performed. This failure resulted in infection and an additional surgery which was performed at BSA hospital in Amarillo, Texas.

Notice: Pursuant to Texas Civil Practice and Remedies Code §74.051, notice is hereby given to Dr. Mark S. Henderson, its agents, officers, servants, ostensible agents, employees, corporation, partnership, professional association, or other associated entities.

Enclosed is a signed Authorization Form for Release of Protected Health Information provided to you pursuant to Tex. Civ. Prac. Rem. Code §74.052 as well as a HIPPA authorization for the release of the records and information.

Pursuant to Section 241.103(c) of the Texas Health and Safety Code and *Ortega v. Trevino, M.D.*, 938 S.W.2d 219 (Tex. App.--Corpus Christi Jan. 30, 1997, n.w.h.) regarding spoliation of evidence, I request that the complete file and/or chart and all of its contents including the entire medical and billing records, photographs, memoranda, correspondence, phone notes, imaging studies, radiology studies, x-rays, tissue specimens, biopsy specimens, and other diagnostic testing materials of Amanda Olesen, be maintained in their original condition.

Dr. Mark S. Henderson
November 21, 2016
Page 2

I recommend that you send copies of this letter, to your professional liability insurance carrier, asking them to contact me as soon as possible. Under no circumstances do we wish to institute or prosecute an unfounded or unnecessary medical negligence claim. We have reached the conclusions stated above after reviewing the records and after having had a healthcare provider review these records and give us a preliminary opinion. This opinion is based upon the facts as outlined in the medical records, and any facts or circumstances not reflected in those records would, as a consequence, not be considered at this time. Therefore, if you are aware of other facts that would shed additional light on the care of the patient, please advise us through your attorney or liability insurance carrier.

I look forward to hearing from you, your attorney or your liability insurance carrier in the very near future.

Sincerely,

Jesse Quackenbush,
Attorney

JQ/ebw

Enclosure: Ch. 74 Medical Authorization

cc:     Amanda Olesen

## AUTHORIZATION FORM FOR RELEASE OF
## PROTECTED HEALTH INFORMATION
### Tex. Civ. Prac. Rem. Code §74.052

A. I, AMANDA OLESEN hereby authorize DR. MARK HENDERSON to obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

1. To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or

2. Defense of any litigation arising out of the claim made basis of the accompanying Notice of Health Care Claim.

B. The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

3. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated AMANDA OLESEN in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

o Any and all physicians and Healthcare Providers at PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.

o Any and all physicians and Healthcare Providers at DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065

o Any and all physicians and Healthcare Providers at BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.

This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat AMANDA OLESEN for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim;

4. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated AMANDA OLESEN during a period commencing five years prior to the incident made the basis of the accompanying Notice of Heath Care Claim are:

o Any and all physicians and Healthcare Providers at PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.

o Any and all physicians and Healthcare Providers at DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065

o Any and all physicians and Healthcare Providers at BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.

o Any and all physicians and Healthcare Providers at _____

C. Excluded Heath Information— the following constitutes a list of physicians or health care

providers possessing health care information concerning AMANDA OLESEN to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or the physical, mental, or emotional condition of AMANDA OLESEN arising out of the claim made the basis of the accompanying Notice of Health Care Claim: None

D. The persons or class of persons to whom the health information of AMANDA OLESEN will be disclosed or who will make use of said information are:

1. Any and all physicians or health care providers providing care or treatment to AMANDA OLESEN;

2. Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of AMANDA OLESEN;

3. Any consulting or testifying experts employed by or on behalf of _____ with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4. Any attorneys (including secretarial, clerical or paralegal staff) employed by or on behalf of _____ with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

5. Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of _____.

E. This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F. I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and R3emedies Code.

G. I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, eligibility for health plan benefits.

H. I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPPA privacy regulations.

Signature of Patient:

Printed Name: Amanda Olesen

11/21/16

Date

## AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION
### Tex. Civ. Prac. Rem. Code §74.052

A. I, AMANDA OLESEN hereby authorize QUACKENBUSH LAW FIRM to obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

1. To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or

2. Defense of any litigation arising out of the claim made basis of the accompanying Notice of Health Care Claim.

B. The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

3. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated AMANDA OLESEN in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

- Any and all physicians and Healthcare Providers at PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.

- Any and all physicians and Healthcare Providers at DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065

- Any and all physicians and Healthcare Providers at BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.

This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat AMANDA OLESEN for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim;

4. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated AMANDA OLESEN during a period commencing five years prior to the incident made the basis of the accompanying Notice of Heath Care Claim are:

- Any and all physicians and Healthcare Providers at PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.

- Any and all physicians and Healthcare Providers at DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065

- Any and all physicians and Healthcare Providers at BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.

- Any and all physicians and Healthcare Providers at _____

C. Excluded Heath Information—the following constitutes a list of physicians or health care providers possessing health care information concerning AMANDA OLESEN to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or the physical, mental, or emotional condition of AMANDA OLESEN arising out of the claim made the basis of the accompanying Notice of Health Care Claim: None

D. The persons or class of persons to whom the health information of AMANDA OLESEN will be disclosed or who will make use of said information are:

1. Any and all physicians or health care providers providing care or treatment to AMANDA OLESEN;

2. Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of AMANDA OLESEN;

3. Any consulting or testifying experts employed by or on behalf of _____ _____ with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4. Any attorneys (including secretarial, clerical or paralegal staff) employed by or on behalf of _____ _____ with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

5. Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of_____.

E. This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F. I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and R3emedies Code.

G. I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, eligibility for health plan benefits.

H. I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPPA privacy regulations.

Signature of Patient:

Printed Name: Amanda Olesen

11/21/16

Date

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

PAMPA, TX 79065

OFFICIAL USE

Certified Mail Fee  $3.30                          0209
                                                    01
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $0.00
☐ Return Receipt (electronic)      $0.00      Olesen
☐ Certified Mail Restricted Delivery  $0.00   Postmark
☐ Adult Signature Required         $0.00      Here
☐ Adult Signature Restricted Delivery $

Postage           $6.45
                                              11/23/2016
Total Postage and Fees
                  $12.45

Sent To  Mark Henderson
Street and Apt. No., or PO Box No.
3023 Perryton Parkway, Suite 101
City, State, ZIP+4
Pampa, TX 79065

7015 1520 0001 8451 2006

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark S. Henderson
Pampa Regional Group
3023 Perryton Parkway, Ste 101
Pampa, TX 79065

9590 9403 0300 5155 6057 53

2. Article Number (Transfer from service label)

7015 1520 0001 8451 2006

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____     ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                  11-28-16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



UNITED STATES POSTAL SERVICE   AMARILLO TX 79_

28 NOV 2016PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

° Sender: Please print your name, address, and ZIP+4® in this box°

Quackenbush Law Firm
801 S. Fillmore, Suite 400
Amarillo, TX 79101

**USPS TRACKING#**

9590 9403 030_ _____ ____

# Quackenbush Law Firm

November 21, 2016

Via CMRRR 7015 1520 0001 8451 2013
Pampa Regional Medical Center
Attn: Risk Management
1 Medical Plaza
Pampa, Texas 79065

### § 75.051 NOTICE OF HEALTHCARE LIABILITY CLAIM

Re: Amanda Olesen
Date of Incident: November 2015

Dear Doctor Henderson:

I have been consulted by Amanda Olesen for the purpose of pursuing a healthcare liability claim against **Pampa Regional Medical Center**, arising from your care and treatment of her in November 2015 at Pampa Regional Medical Center.

On the basis of the information furnished to me by my client and my investigation and research, I have determined that there are more than reasonable grounds to believe that the above-named client has a viable healthcare liability claim against **you and/or your,** agents, officers, servants, ostensible agents, employees, corporation, partnership, professional association, other associated entity, nurses, doctors and surgical technicians. The basis of this claim is that all or part of Amanda Olesen's appendix was not removed during her appendectomy surgery at Pampa Regional Medical Center. Dr. Mark Henderson performed the surgery. This failure resulted in infection and an additional surgery which was performed at BSA hospital in Amarillo, Texas.

**Notice**: Pursuant to Texas Civil Practice and Remedies Code §74.051, notice is hereby given to **Pampa Regional Medical Center**, its agents, officers, servants, ostensible agents, employees, corporation, partnership, professional association, or other associated entities.

Enclosed is a signed Authorization Form for Release of Protected Health Information provided to you pursuant to Tex. Civ. Prac. Rem. Code §74.052 as well as a HIPPA authorization for the release of the records and information.

Pursuant to Section 241.103(c) of the Texas Health and Safety Code and *Ortega v. Trevino, M.D.*, 938 S.W.2d 219 (Tex. App.--Corpus Christi Jan. 30, 1997, n.w.h.) regarding spoliation of evidence, I request that the complete file and/or chart and all of its contents including the entire medical and billing records, photographs, memoranda, correspondence, phone notes, imaging studies, radiology studies, x-rays, tissue specimens, biopsy specimens, and other diagnostic testing materials of Amanda Olesen, be maintained in their original condition.

Pampa Regional Medical Center
November 21, 2016
Page 2

I recommend that you send copies of this letter, to your professional liability insurance carrier, asking them to contact me as soon as possible. Under no circumstances do we wish to institute or prosecute an unfounded or unnecessary medical negligence claim. We have reached the conclusions stated above after reviewing the records and after having had a healthcare provider review these records and give us a preliminary opinion. This opinion is based upon the facts as outlined in the medical records, and any facts or circumstances not reflected in those records would, as a consequence, not be considered at this time. Therefore, if you are aware of other facts that would shed additional light on the care of the patient, please advise us through your attorney or liability insurance carrier.

I look forward to hearing from you, your attorney or your liability insurance carrier in the very near future.

Sincerely,

Jesse Quackenbush,
Attorney

JQ/ebw

Enclosure: Ch. 74 Medical Authorization

cc:     Amanda Olesen

## AUTHORIZATION FORM FOR RELEASE OF
## PROTECTED HEALTH INFORMATION
### Tex. Civ. Prac. Rem. Code §74.052

A. I, AMANDA OLESEN hereby authorize PAMPA REGIONAL MEDICAL CENTER to obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

1. To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or

2. Defense of any litigation arising out of the claim made basis of the accompanying Notice of Health Care Claim.

B. The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

3. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated AMANDA OLESEN in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

- Any and all physicians and Healthcare Providers at PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.

- Any and all physicians and Healthcare Providers at DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065

- Any and all physicians and Healthcare Providers at BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.

This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat AMANDA OLESEN for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim;

4. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated AMANDA OLESEN during a period commencing five years prior to the incident made the basis of the accompanying Notice of Heath Care Claim are:

- Any and all physicians and Healthcare Providers at PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.

- Any and all physicians and Healthcare Providers at DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065

- Any and all physicians and Healthcare Providers at BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.

- Any and all physicians and Healthcare Providers at _____
_____

C. Excluded Heath Information—the following constitutes a list of physicians or health care providers possessing health care information concerning AMANDA OLESEN to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or the physical, mental, or emotional condition of AMANDA OLESEN arising out of the claim made the basis of the accompanying Notice of Health Care Claim: None

D. The persons or class of persons to whom the health information of AMANDA OLESEN will be disclosed or who will make use of said information are:

1. Any and all physicians or health care providers providing care or treatment to AMANDA OLESEN;

2. Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of AMANDA OLESEN;

3. Any consulting or testifying experts employed by or on behalf of _____ _____ with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4. Any attorneys (including secretarial, clerical or paralegal staff) employed by or on behalf of _____ _____ with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

5. Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of _____.

E. This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F. I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and R3emedies Code.

G. I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, eligibility for health plan benefits.

H. I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPPA privacy regulations.

Signature of Patient:

Printed Name: Amanda Olesen

11/21/16

Date

## AUTHORIZATION FORM FOR RELEASE OF
## PROTECTED HEALTH INFORMATION
### Tex. Civ. Prac. Rem. Code §74.052

A. I, AMANDA OLESEN hereby authorize QUACKENBUSH LAW FIRM to obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

1. To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or

2. Defense of any litigation arising out of the claim made basis of the accompanying Notice of Health Care Claim.

B. The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

3. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated AMANDA OLESEN in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

- Any and all physicians and Healthcare Providers at PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.

- Any and all physicians and Healthcare Providers at DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065

- Any and all physicians and Healthcare Providers at BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.

This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat AMANDA OLESEN for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim;

4. The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated AMANDA OLESEN during a period commencing five years prior to the incident made the basis of the accompanying Notice of Heath Care Claim are:

- Any and all physicians and Healthcare Providers at PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TEXAS 79065.

- Any and all physicians and Healthcare Providers at DR. MARK HENDERSON, 3023 PERRYTON PARKWAY, SUITE 101, PAMPA, TEXAS 79065

- Any and all physicians and Healthcare Providers at BSA, 1600 WALLACE BLVD, AMARILLO, TEXAS 79103.

- Any and all physicians and Healthcare Providers at _____

C. Excluded Heath Information—the following constitutes a list of physicians or health care providers possessing health care information concerning AMANDA OLESEN to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or the physical, mental, or emotional condition of AMANDA OLESEN arising out of the claim made the basis of the accompanying Notice of Health Care Claim: None

D. The persons or class of persons to whom the health information of AMANDA OLESEN will be disclosed or who will make use of said information are:

1. Any and all physicians or health care providers providing care or treatment to AMANDA OLESEN;

2. Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of AMANDA OLESEN;

3. Any consulting or testifying experts employed by or on behalf of _____ _____ with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4. Any attorneys (including secretarial, clerical or paralegal staff) employed by or on behalf of _____ _____with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

5. Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of_____.

E. This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F. I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and R3emedies Code.

G. I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, eligibility for health plan benefits.

H. I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPPA privacy regulations.

Signature of Patient:

Printed Name: Amanda Olesen

11/21/16

Date

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

OFFICIAL USE

PAMPA, TX 79065

| Certified Mail Fee | $3.30 | | 0209 |
| Extra Services & Fees | | $2.70 | 01 |
| ☐ Return Receipt (hardcopy) | $ | $0.00 | |
| ☐ Return Receipt (electronic) | $ | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Here |
| ☐ Adult Signature Required | $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $6.45 | | |
| Total Postage and Fees | $12.45 | | 11/23/2016 |

Sent To: Pampa Regional Medical Center
Street and Apt. No., or PO Box No.: 1 medical plaza
City, State, ZIP+4: Pampa Texas 79065

7015 1520 0001 8451 2013

---

**SENDER: COMPLETE THIS SECTION**

☒ Complete items 1, 2, and 3.
☒ Print your name and address on the reverse so that we can return the card to you.
☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Pampa Regional medical center
Attn: Risk management
1 medical Plaza
Pampa, Texas 79065

9590 9403 0300 5155 6057 46

2. Article Number (Transfer from service label)

7015 1520 0001 8451 2013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Joan Burr_    ☐ Agent
                 ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
J Burr                          11-28-16

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

Olesen

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   sured Mail
   sured Mail Restricted Delivery
   ver $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt



- A receipt (this portion of the Certified Mail label).
- A [illegible]
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

*Important Reminders:*

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece; for an electronic return receipt, see a retail [illegible] return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.
  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

IMPORTANT: Save this receipt for your records.

PS Form 3800, April 2015 (Reverse) PSN 7530-02-000-9047

UNITED STATES POSTAL SERVICE

AMARILLO TX 791

23 NOV 2016 PM 2 T

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Quackenbush Law Firm
801 S. Fillmore, Suite 460
Amarillo, Texas 79101

USPS TRACKING#

9590 9403 0300 5365 8067 46

# EXHIBIT B-10



Filed 6/20/2017 2:52 PM
Jo Mays
District Clerk
Gray County, Texas
Reviewed By: O'Leen Bennett

## REQUEST FOR ISSUANCE

**CAUSE NUMBER: <u>38783</u>**

**TYPE OF ISSUANCE:** *IF E-FILING-YOU MUST SELECT <u>REQUEST FOR ISSUANCE</u>
AND THEN SELECT THE TYPE OF ISSUANCE AND TYPE OF SERVICE*

- ☒ CITATION
- ☐ PRECEPT
- ☐ TRO
- ☐ PROTECTIVE ORDER
- ☐ ABSTRACT OF JUDGMENT
- ☐ WRIT OF EXECUTION
- ☐ OTHER: _____

**TYPE OF SERVICE:**

- ☐ POTTER COUNTY SHERIFF
- ☐ CIVIL PROCESS SERVER-AUTHORIZED PERSON TO PICK-UP: _____
- ☐ POSTING
- ☐ PUBLICATION
- ☒ CERTIFIED MAIL
- ☐ TO BE EMAILED TO PARTY REQUESTING SERVICE-***MUST INCLUDE EMAIL ADDRESS:*** jessicaqlf@gmail.com

**TITLE OF DOCUMENT:** <u>Plaintiff's First Amended Petition</u>
***FOR EACH PARTY SERVED YOU MUST FURNISH THE APPROPRIATE NUMBER OF COPIES OF THE DOCUMENT TO
BE SERVED/OR IF E-FILING- MUST ASSESS COPY FEES FOR THE DOCUMENT***

**FILE MARKED DATE OF DOCUMENT TO BE SERVED:** _____/_____/_____

**PARTY TO BE SERVED:** (PLEASE FILL OUT A NEW REQUEST FORM PER PARTY TO BE SERVED)
NAME: <u>Prime Healthcare Foundation, Inc. d.b.a Pampa Regional Medical Center</u>

ADDRESS: <u>1 Medical Plaza, Pampa, Texas 79065</u>

AGENT, IF APPLICABLE: <u>Brad Moore</u>

**PARTY/ATTORNEY REQUESTING SERVICE:**
NAME: <u>Jesse Quackenbush / Quackenbush Law Firm</u>

MAILING ADDRESS: <u>801 South Fillmore, Suite 460, Amarillo, Texas 79101</u>

PHONE NUMBER: <u>806-374-4024</u>      FAX NUMBER: <u>806-352-0073</u>

EMAIL ADDRESS: <u>jesseqlf@gmail.com</u> / <u>jessicapqlf@gmail.com</u>



EXHIBIT B-11

**JO MAYS**
**DISTRICT CLERK**
**GRAY COUNTY**
**P.O. BOX 1139**
**PAMPA, TX 79066-1139**
**806 669-8010**

June 20, 2017



PRIME HEALTHCARE FOUNDATION, INC.
D/B/A PAMPA REGIONAL MEDICAL CENTER
BY SERVING ITS REGISTERED AGENT,
BRAD MOORE
1 MEDICAL PLAZA
PAMPA, TX 79065

Re:    Cause: 38783
       AMANDA OLESEN
       VS.
       PRIME HEALTHCARE
       FOUNDATION, INC. D/B/A
       PAMPA REGIONAL MEDICAL CENTER AND
       MARK S. HENDERSON, MD

**CERTIFIED MAIL**

Dear Sir:

You are hereby served with the enclosed Citation by Certified Mail.

Sincerely,

Jo Mays
District Clerk
223RD DISTRICT COURT

By: _____
     O'LEEN BENNETT, DEPUTY

Enclosure
Certified Receipt Number: 7014 2120 0000 2068 4203

## CITATION – personal service – TRC 99

AMANDA OLESEN
VS.
PRIME HEALTHCARE FOUNDATION, INC. D/B/A
PAMPA REGIONAL MEDICAL CENTER AND
MARK S. HENDERSON, MD

Cause No: 38783
IN THE 223RD DISTRICT COURT
OF GRAY COUNTY, TEXAS

**TO: PRIME HEALTCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER, BY
SERVING ITS REGISTERED AGENT, BRAD MOORE, 1 MEDICAL PLAZA, PAMPA, TX 79065**, Defendant -
GREETING

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next
following the expiration of 20 days after the date you were served this citation and petition, a default
judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the **1st Amended Petition** at or before 10:00 A.M. of
the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 223RD
DISTRICT COURT of Gray County, at the Courthouse in said County in Pampa, Texas.  Said 1st Amended Petition was
filed in said court on the 20th day of June, 2017 in the above entitled cause.

The nature of demand is fully shown by a true and correct copy of **Plaintiff's 1st Amended Petition** accompanying this
citation and made a part hereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Pampa, Tx 79066-1139, ON THIS THE 20th
day of June, 2017.

**ATTORNEY REQUESTING:**

JESSE L. QUACKENBUSH
801 S. FILLMORE ST., STE. 460
AMARILLO, TX 79109

Jo Mays, District Clerk
223RD DISTRICT COURT
Gray County
P.O. Box 1139
205 N. Russell Street
Pampa, Tx 79066-1139

By
O'LEEN BENNETT, DEPUTY
** **

## CERTIFICATE  OF DELIVERY BY CERTIFIED MAIL

Came to hand on the 20th day of June, 2017 at 2:52 o'clock  PM and executed the 20th day of June, 2017  by mailing
to defendant, *PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER, BY SERVING ITS REGISTERED AGENT,
BRAD MOORE, 1 MEDICAL PLAZA, PAMPA, TX 79065* by certified mail, return receipt requested, a true copy of this citation with a
copy of the petition to the following address:

**PRIME HEALTCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER,  1 MEDICAL PLAZA,
PAMPA, TX 79065**

Fees ........... $108.00

**JO MAYS,** District Clerk
GRAY County, Texas
By
O'Leen Bennett
Deputy



# EXHIBIT B-12

## CITATION – personal service – TRC 99

AMANDA OLESEN
VS.
PRIME HEALTHCARE FOUNDATION, INC. D/B/A
PAMPA REGIONAL MEDICAL CENTER AND
MARK S. HENDERSON, MD

Cause No: 38783
IN THE 223RD DISTRICT COURT
OF GRAY COUNTY, TEXAS

TO: PRIME HEALTCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER, BY SERVING ITS REGISTERED AGENT, BRAD MOORE, 1 MEDICAL PLAZA, PAMPA, TX 79065, Defendant - GREETING

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the **1st Amended Petition** at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 223RD DISTRICT COURT of Gray County, at the Courthouse in said County in Pampa, Texas.  Said 1st Amended Petition was filed in said court on the 20th day of June, 2017 in the above entitled cause.

The nature of demand is fully shown by a true and correct copy of **Plaintiff's 1st Amended Petition** accompanying this citation and made a part hereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Pampa, Tx 79066-1139, ON THIS THE 20th day of June, 2017.

**ATTORNEY REQUESTING:**

JESSE L. QUACKENBUSH
801 S. FILLMORE ST., STE. 460
AMARILLO, TX 79109

Jo Mays, District Clerk
223RD DISTRICT COURT
Gray County
P.O. Box 1139
205 N. Russell Street
Pampa, Tx 79066-1139

By
O'LEEN BENNETT, DEPUTY
** **

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the 20th day of June, 2017 at 2:52 o'clock PM and executed the 20th day of June, 2017  by mailing to defendant, *PRIME HEALTCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER, BY SERVING ITS REGISTERED AGENT, BRAD MOORE, 1 MEDICAL PLAZA, PAMPA, TX 79065* by certified mail, return receipt requested, a true copy of this citation with a copy of the petition to the following address:

PRIME HEALTCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER, 1 MEDICAL PLAZA, PAMPA, TX 79065

Fees .......... $108.00

**JO MAYS**,  District Clerk
GRAY County, Texas
By                                     Deputy
O'Leen Bennett



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PRIME HEALTHCARE FOUNDATION, INC
D/B/A PAMPA REGIONAL MEDICAL CTR
BY SERVING ITS REG. AGENT.,
BRAD MOORE
1 MEDICAL PLAZA
PAMPA, TX 79065

9590 9402 1939 6123 4532 19

2. Article Number *(Transfer from service label)*

7014 2120 0000 2068 4203

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

6/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

JO MAYS, DISTRICT CLERK    BY ___ DEPUTY

2017 JUN 22  AM 10: 25

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053           Domestic Return Receipt



# U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Postage $   1.04
Certified Fee   3.35
Return Receipt Fee (Endorsement Required)   2.75
Restricted Delivery Fee (Endorsement Required)

Postmark Here   JUN 21 2017

Total Postage & Fees $   8.34

Sent To PRIME HEALTHCARE FOUNDATION, INC.
D/B/A PAMPA REGIONAL MED. CTR.
Street & Apt. No., BY SERVING ITS REG. AGENT,
or PO Box No. BRAD MOORE
City, State, ZIP+4 1 MEDICAL PLAZA
PAMPA, TX 79065

PS Form 3800, July 2014           See Reverse for Instructions

7014 2120 0000 2068 4203

EXHIBIT B-13

Filed 6/29/2017 5:08 PM
District Clerk
Gray County, Texas
Reviewed By: Brenda Amador

**CAUSE NO. 38783**

| | | |
|---|---|---|
| AMANDA OLESEN, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | GRAY COUNTY, TEXAS |
| PRIME HEALTHCARE | § | |
| FOUNDATION, INC. d/b/a | § | |
| PAMPA REGIONAL MEDICAL CENTER; | § | |
| and MARK S. HENDERSON, M.D., | § | |
| | § | |
| *Defendants.* | § | 223RD JUDICIAL DISTRICT |

## DEFENDANT MARK S. HENDERSON, M.D.'S
## ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Defendant Mark S. Henderson, M.D. ("Dr. Henderson") files this Original Answer and Request for Disclosure to Plaintiff's First Amended Petition as follows:

1.     Dr. Henderson denies each and every, all and singular, the material allegations, factual recitations, theories, and opinions contained in Plaintiff's First Amended Petition (or most current petition on file) and demands strict proof at the time of trial in accordance with the Texas Rules of Civil Procedure.

2.     Dr. Henderson specifically denies that he was in any way negligent with respect to any alleged duty owed to Plaintiff, or that any of his conduct proximately caused any of Plaintiff's alleged injuries. Dr. Henderson alleges that all treatment provided to Plaintiff by Dr. Henderson conformed at all times and in all aspects to the applicable standard of care.

3.      Pleading affirmatively, Dr. Henderson alleges that Plaintiff's claims are barred in whole or in part to the extent any alleged injuries, damages, or liabilities complained of by Plaintiff are the result, in whole or in part, of an unavoidable accident beyond the control of Dr. Henderson, without any negligence on the part of Dr. Henderson, and are not the result of any act or omission on the part of Dr. Henderson.

4.      Pleading affirmatively, Dr. Henderson alleges that Plaintiff's claims are barred in whole or in part to the extent any injuries, damages, or liabilities complained of by Plaintiff were solely proximately caused and/or proximately caused by new and independent intervening causes not reasonably foreseeable by Dr. Henderson, which became the immediate and efficient causes of Plaintiff's alleged injuries and damages, and any acts or omissions alleged by Plaintiff as to Dr. Henderson were wholly remote and not causative of Plaintiff's alleged injuries or damages.

5.      Pleading affirmatively, Dr. Henderson alleges that Plaintiff's claims are barred in whole or in part to the extent any injuries, damages, or liabilities complained of by Plaintiff were solely proximately caused and/or proximately caused by superseding and/or intervening acts which disrupted the chain of causation and were wholly beyond the scope and/or control of Dr. Henderson.

6.      Pleading affirmatively and in the alternative, Dr. Henderson alleges any injuries, damages, or liabilities complained of by Plaintiff were solely proximately caused and/or proximately caused by the pre-existing injuries, diseases, or conditions of Plaintiff.

7.      Dr. Henderson further pleads that Plaintiff's claims are barred in whole or in part to the extent that the contributory negligence and/or comparative negligence of Plaintiff

proximately caused any actual or alleged injuries, damages, or liabilities complained of by Plaintiff, in whole or in part.

8.      Pleading affirmatively and in the alternative, Dr. Henderson alleges that Plaintiff's claims are barred in whole or in part to the extent any injuries, damages, or liabilities complained of by Plaintiff were solely proximately caused and/or proximately caused by acts or occurrences prior to and/or separate from Plaintiff's care by Dr. Henderson, which were wholly beyond the scope and/or control of Dr. Henderson and which were not caused by any act or omission by Dr. Henderson.

9.      Pleading affirmatively, Dr. Henderson alleges that Plaintiff's claims are barred in whole or in part to the extent any injuries, damages, or liabilities complained of by Plaintiff were solely proximately caused and/or proximately caused in whole or in part by the acts and/or omissions of parties over whom Dr. Henderson had no control and/or right to control, including but not limited to any other defendants named in this lawsuit.

10.      Dr. Henderson specifically invokes and asserts all rights to contribution and/or indemnity, as well as any other appropriate relief available, including but not limited to any such rights against co-defendants and settling defendants, if any, under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code (the "Code") (including without limitation Sections 33.015 and 33.016), as well as any other applicable provision of statutory, common, or other law applicable to this case.

11.      Pleading affirmatively, if Plaintiff compromises or settles any claims and/or causes of action against any other person or entity, Dr. Henderson hereby invokes and asserts the right and option granted to his to receive a credit, a percentage reduction, or any other

appropriate relief with respect to such settlement in accordance with Chapter 33 (specifically without limitation Section 33.012) of the Code, as well as any other applicable provision of statutory, common, or other law applicable to this case.  This pleading does not constitute an election.  Such election, if required, will be made at an appropriate time.

12.     Dr. Henderson pleads, preserves, invokes, and asserts the right to submit the percentage of responsibility, if any, of any settling person or any responsible third party to the trier of fact, including without limitation any other defendant named in any of Plaintiff's petitions who are dismissed by Plaintiff or the Court, or for whatever other reason are no longer parties at the time of submission to the trier of fact, for determination under Section 33.003 of the Code, as well as under any other applicable provision of statutory, common, or other law.  Dr. Henderson further reserves the right to add or designate any and all responsible third parties as investigation and discovery reveals additional facts.

13.     In addition and in the alternative, Dr. Henderson specifically pleads, preserves, invokes, and asserts his rights under Section 33.004 of the Code, as well as any other applicable provision of statutory, common, or other law applicable to this case, as to any other defendants named in any of Plaintiff's petitions who are dismissed by Plaintiff or the Court prior to the time of submission to the trier of fact, and against any other person or party who is or may be liable to Plaintiff or to any defendant for all or part of the damages claimed against Dr. Henderson in this case.  Dr. Henderson further reserves the right to add or designate any and all responsible third parties as investigation and discovery reveals additional facts.

14.     Pleading affirmatively, Dr. Henderson pleads all defenses, procedures, and applicable limitations of liability and damage provisions under Texas law, including without limitation Chapter 74 (specifically without limitation Sections 74.301, 74.302, 74.303, and 74.501-.507) of the Code and Chapter 18 of the Code, as well as any other applicable limitation of liability and damage provision of statutory, common, or other law applicable to this case.  Accordingly, Dr. Henderson requests this Court to impose any and all limitations on any verdict that might be rendered at the trial of this cause.

15.     Dr. Henderson affirmatively invokes and asserts that the jury instructions contained in Section 74.303(e)(1) and (2) of the Code should be included in the Court's charge to the jury in this case.

16.     Pleading affirmatively, Dr. Henderson pleads the applicable limitations of, and/or bars on, pre-judgment and post-judgment interest provisions in Texas Finance Code Chapters 304 and 604 and any other applicable provision of statutory, common, or other law applicable to this case, and requests this Court to impose all applicable limitations or bars on any pre-judgment or post-judgment interest that might be awarded at the trial of this case.

17.     Dr. Henderson pleads, preserves, invokes, and asserts the right to limit Plaintiff's claims for economic damages in accordance with Section 41.0105 of the Code, which limits Plaintiff's recovery of medical or health care expenses to the amount of reasonable and necessary expenses that were actually paid or incurred, and requests this Court to impose all applicable limitations or bars on any such damages that might be awarded at the trial of this case, including without limitation requiring Plaintiff to segregate all amounts not permitted to be recovered under Section 41.0105 of the Code, which includes

without limitation all amounts not paid or incurred and any amounts written off or reduced by or on behalf of any healthcare provider.  Dr. Henderson further pleads, preserves, invokes, and asserts the right to limit Plaintiff's claims for economic damages because of Plaintiff's failure to substantiate claims with required evidence or testimony pursuant to the Texas Rules of Civil Procedure and the orders of this Court.

18.    Dr. Henderson reserves the right to correct, amend, and supplement this answer.

<div align="center">

**Request for Disclosure**

</div>

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.


WHEREFORE, Defendant Mark S. Henderson, M.D. prays that upon final hearing, judgment be entered that Plaintiff take nothing and that Dr. Henderson recover his reasonable and necessary attorneys' fees, Court costs, other expenses, and such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,


_____ */s/ Rodney H. Lawson* _____
**RODNEY H. LAWSON**
  Texas State Bar No. 12059700
  Email:  rlawson@ccsb.com
**DEBRÁN L. O'NEIL**
  Texas State Bar No. 24083497
  Email:  doneil@ccsb.com
**CARRINGTON, COLEMAN, SLOMAN
  & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202-3767
Telephone:  214/855-3000
Telecopy:   214/855-1333

*Attorneys for Defendant*
*Mark S. Henderson, M.D.*


## Certificate of Service

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record in the above cause in accordance with the Texas Rules of Civil Procedure via electronic service on this __29th__ day of __June__, 2017.

> *Attorneys for Plaintiff*
> Jesse Quackenbush (jesseqlf@gmail.com)
> Quackenbush Law Firm
> 801 South Fillmore, Suite 460
> Amarillo, TX 79101
> 806/374-4024 (phone)
> 806/352-0073 (fax)


_____ /s/ *Rodney H. Lawson* _____
Rodney H. Lawson

i_6979338v.1

EXHIBIT B-14

Filed 7/5/2017 5:20 PM
District Clerk
Gray County, Texas
Reviewed By: O'Leen Bennett

**CAUSE NO. 38783**

| | | |
|---|---|---|
| AMANDA OLESEN, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | GRAY COUNTY, TEXAS |
| PRIME HEALTHCARE | § | |
| FOUNDATION, INC. d/b/a | § | |
| PAMPA REGIONAL MEDICAL CENTER; | § | |
| and MARK S. HENDERSON, M.D., | § | |
| | § | |
| *Defendants.* | § | 223RD JUDICIAL DISTRICT |

## DEFENDANT PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Defendant Prime Healthcare Foundation, Inc. d/b/a Pampa Regional Medical Center ("PRMC") files this Original Answer and Request for Disclosure to Plaintiff's First Amended Petition as follows:

1.      PRMC denies each and every, all and singular, the material allegations, factual recitations, theories, and opinions contained in Plaintiff's First Amended Petition (or most current petition on file) and demands strict proof at the time of trial in accordance with the Texas Rules of Civil Procedure.

2.      PRMC specifically denies that it was in any way negligent with respect to any alleged duty owed to Plaintiff, or that any of its conduct proximately caused any of Plaintiff's alleged injuries.  PRMC alleges that all treatment provided to Plaintiff by PRMC conformed at all times and in all aspects to the applicable standard of care.

3.     Pleading affirmatively, PRMC alleges that Plaintiff's claims are barred in whole or in part to the extent any alleged injuries, damages, or liabilities complained of by Plaintiff are the result, in whole or in part, of an unavoidable accident beyond the control of PRMC, without any negligence on the part of PRMC, and are not the result of any act or omission on the part of PRMC.

4.     Pleading affirmatively, PRMC alleges that Plaintiff's claims are barred in whole or in part to the extent any injuries, damages, or liabilities complained of by Plaintiff were solely proximately caused and/or proximately caused by new and independent intervening causes not reasonably foreseeable by PRMC, which became the immediate and efficient causes of Plaintiff's alleged injuries and damages, and any acts or omissions alleged by Plaintiff as to PRMC were wholly remote and not causative of Plaintiff's alleged injuries or damages.

5.     Pleading affirmatively, PRMC alleges that Plaintiff's claims are barred in whole or in part to the extent any injuries, damages, or liabilities complained of by Plaintiff were solely proximately caused and/or proximately caused by superseding and/or intervening acts which disrupted the chain of causation and were wholly beyond the scope and/or control of PRMC.

6.     Pleading affirmatively and in the alternative, PRMC alleges any injuries, damages, or liabilities complained of by Plaintiff were solely proximately caused and/or proximately caused by the pre-existing injuries, diseases, or conditions of Plaintiff.

7.     PRMC further pleads that Plaintiff's claims are barred in whole or in part to the extent that the contributory negligence and/or comparative negligence of Plaintiff

proximately caused any actual or alleged injuries, damages, or liabilities complained of by Plaintiff, in whole or in part.

8.     Pleading affirmatively and in the alternative, PRMC alleges that Plaintiff's claims are barred in whole or in part to the extent any injuries, damages, or liabilities complained of by Plaintiff were solely proximately caused and/or proximately caused by acts or occurrences prior to and/or separate from Plaintiff's care by PRMC, which were wholly beyond the scope and/or control of PRMC and which were not caused by any act or omission by PRMC.

9.     Pleading affirmatively, PRMC alleges that Plaintiff's claims are barred in whole or in part to the extent any injuries, damages, or liabilities complained of by Plaintiff were solely proximately caused and/or proximately caused in whole or in part by the acts and/or omissions of parties that PRMC did not employ and over whom PRMC had no control and/or right to control, including but not limited to the other defendants named in this lawsuit.

10.     PRMC specifically invokes and asserts all rights to contribution and/or indemnity, as well as any other appropriate relief available, including but not limited to any such rights against co-defendants and settling defendants, if any, under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code (the "Code") (including without limitation Sections 33.015 and 33.016), as well as any other applicable provision of statutory, common, or other law applicable to this case.

11.     Pleading affirmatively, if Plaintiff compromise or settle any claims and/or causes of action against any other person or entity, PRMC hereby invokes and asserts the

right and option granted to it to receive a credit, a percentage reduction, or any other appropriate relief with respect to such settlement in accordance with Chapter 33 (specifically without limitation Section 33.012) of the Code, as well as any other applicable provision of statutory, common, or other law applicable to this case.  This pleading does not constitute an election.  Such election, if required, will be made at an appropriate time.

12.     PRMC pleads, preserves, invokes, and asserts the right to submit the percentage of responsibility, if any, of any settling person or any responsible third party to the trier of fact, including without limitation any other defendant named in any of Plaintiff's petitions who are dismissed by Plaintiff or the Court, or for whatever other reason are no longer parties at the time of submission to the trier of fact, for determination under Section 33.003 of the Code, as well as under any other applicable provision of statutory, common, or other law.  PRMC further reserves the right to add or designate any and all responsible third parties as investigation and discovery reveals additional facts.

13.     In addition and in the alternative, PRMC specifically pleads, preserves, invokes, and asserts its rights under Section 33.004 of the Code, as well as any other applicable provision of statutory, common, or other law applicable to this case, as to any other defendants named in any of Plaintiff's petitions who are dismissed by Plaintiff or the Court prior to the time of submission to the trier of fact, and against any other person or party who is or may be liable to Plaintiff or to any defendant for all or part of the damages claimed against PRMC in this case.  PRMC further reserves the right to add or designate any and all responsible third parties as investigation and discovery reveals additional facts.

14.     Pleading affirmatively, PRMC pleads all defenses, procedures, and applicable limitations of liability and damage provisions under Texas law, including without limitation Chapter 74 (specifically without limitation Sections 74.301, 74.302, 74.303, and 74.501-.507) of the Code and Chapter 18 of the Code, as well as any other applicable limitation of liability and damage provision of statutory, common, or other law applicable to this case. Accordingly, PRMC requests this Court to impose any and all limitations on any verdict that might be rendered at the trial of this cause.

15.     PRMC affirmatively invokes and asserts that the jury instructions contained in Section 74.303(e)(1) and (2) of the Code should be included in the Court's charge to the jury in this case.

16.     Pleading affirmatively, PRMC pleads the applicable limitations of, and/or bars on, pre-judgment and post-judgment interest provisions in Texas Finance Code Chapters 304 and 604 and any other applicable provision of statutory, common, or other law applicable to this case, and requests this Court to impose all applicable limitations or bars on any pre-judgment or post-judgment interest that might be awarded at the trial of this case.

17.     PRMC pleads, preserves, invokes, and asserts the right to limit Plaintiff's claims for economic damages in accordance with Section 41.0105 of the Code, which limits Plaintiff's recovery of medical or health care expenses to the amount of reasonable and necessary expenses that were actually paid or incurred, and requests this Court to impose all applicable limitations or bars on any such damages that might be awarded at the trial of this case, including without limitation requiring Plaintiff to segregate all amounts not permitted to be recovered under Section 41.0105 of the Code, which includes without limitation all

amounts not paid or incurred and any amounts written off or reduced by or on behalf of any healthcare provider.  PRMC further pleads, preserves, invokes, and asserts the right to limit Plaintiff's claims for economic damages because of Plaintiff's failure to substantiate claims with required evidence or testimony pursuant to the Texas Rules of Civil Procedure and the orders of this Court.

18.    PRMC reserves the right to correct, amend, and supplement this answer.

### Request for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

WHEREFORE, Defendant Prime Healthcare Foundation, Inc. d/b/a Pampa Regional Medical Center prays that upon final hearing, judgment be entered that Plaintiff take nothing and that PRMC recover its reasonable and necessary attorneys' fees, Court costs, other expenses, and such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

_____/s/ Rodney H. Lawson_____

**RODNEY H. LAWSON**
  Texas State Bar No. 12059700
  Email:  rlawson@ccsb.com
**DEBRÁN L. O'NEIL**
  Texas State Bar No. 24083497
  Email:  doneil@ccsb.com
**CARRINGTON, COLEMAN, SLOMAN
  & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202-3767
Telephone:  214/855-3000
Telecopy:   214/855-1333

*Attorneys for Defendant Prime Healthcare
Foundation, Inc. d/b/a Pampa Regional
Medical Center*

### Certificate of Service

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record in the above cause in accordance with the Texas Rules of Civil Procedure via electronic service on this ___5th__ day of __July__, 2017.

> *Attorneys for Plaintiff*
> Jesse Quackenbush (jesseqlf@gmail.com)
> Quackenbush Law Firm
> 801 South Fillmore, Suite 460
> Amarillo, TX 79101
> 806/374-4024 (phone)
> 806/352-0073 (fax)

_____/s/ Rodney H. Lawson_____
Rodney H. Lawson

i_6979598v.1

**DEFENDANT PRIME HEALTHCARE FOUNDATION, INC. D/B/A PAMPA REGIONAL MEDICAL CENTER'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE  --  Page 7**

EXHIBIT B-15

CAUSE NO. 38783

| | | |
|---|---|---|
| AMANDA OLESEN, | § | IN THE 223RD DISTRICT COURT |

AMANDA OLESEN,                           §        IN THE 223ᴿᴰ DISTRICT COURT
    PLAINTIFF,                        §
                                      §
VS.                                      §        IN AND FOR
                                      §
PRIME HEALTHCARE                         §
FOUNDATION, INC. D/B/A PAMPA             §
REGIONAL MEDICAL CENTER AND              §
MARK S. HENDERSON, M.D.,                 §
    DEFENDANTS                        §        GRAY COUNTY, TEXAS

## NOTICE OF SERVICE OF PLAINTIFF'S CHAPTER 74 EXPERT REPORT AND CURRICULUM VITAE OF JEFF DURGIN, MD, FACS

**COMES NOW**, Plaintiff **Amanda Olesen** in the above and numbered cause, has delivered Plaintiff's Chapter 74 Expert Report and Curriculum Vitae of Jeff Durgin, MD, FACS, to each Defendant on July 7, 2017 by facsimile: 214-855-1333, email: rlawson@ccsb.com and doneil@ccsb.com, and Certified Mail Return Receipt Requested.

Respectfully submitted,
**QUACKENBUSH LAW FIRM**

**Jesse L. Quackenbush**
**State Bar No. 16421975**
**801 S. Fillmore, Suite 460**
**Amarillo, Texas 79101**
**Telephone: (806) 374-4024**
**Facsimile: (806) 352-0073**
jesseqlf@gmail.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above foregoing Notice of Service of Plaintiff's Chapter 74 Expert Report of Jeff Durgin, MD, FACS (7 pages) and Curriculum Vitae (6 pages) were sent by Certified Mail Return Receipt Requested, fax and email on the 7th day of July, 2017:

**VIA CMRRR 7009 1680 0001 5097 7419:**
FACSIMILE AND EMAIL
RODNEY H. LAWSON
RLAWSON@CCSB.COM
DEBR′AN L. O'NEIL
DONEIL@CCSB.COM
CARRINGTON, COLEMAN, SLOMAN & BLUEMENTHAL, L.L.P.
901 MAIN STREET, SUITE 5500
DALLAS, TEXAS 75202-3767
FACSIMILE: 214-855-1333
ATTORNEY FOR DEFENDANT PRIME HEALTHCARE FOUNDATION, INC.
D/B/A PAMPA REGIONAL MEDICAL CENTER

**VIA CMRRR 7009 1680 0001 5097 7402:**
FACSIMILE AND EMAIL
RODNEY H. LAWSON
RLAWSON@CCSB.COM
DEBR′AN L. O'NEIL
DONEIL@CCSB.COM
CARRINGTON, COLEMAN, SLOMAN & BLUEMENTHAL, L.L.P.
901 MAIN STREET, SUITE 5500
DALLAS, TEXAS 75202-3767
FACSIMILE: 214-855-1333
ATTORNEY FOR DEFENDANT DR. MARK S. HENDERSON

Jesse L. Quackenbush